**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**WILLIAM B. MURRAY,**

        **Petitioner,**

**v.**                                          **Case No. 2:15-cv-08559**

**KAREN PSZCZOLKOWSKI, Warden,
Northern Correctional Facility,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's Application to Proceed *In Forma Pauperis*, (ECF No. 1), and "Motion for Stay of Abeyance [*sic*]," (ECF No. 2), wherein he requests that this Court "hold his right to due process under [28 U.S.C.] § 2254 … in [a]beyance" until he has exhausted his state court remedies.[1] This case is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **FINDS** that Petitioner is not entitled to a stay, and therefore, the undersigned respectfully **RECOMMENDS** that Petitioner's request for a stay be **DENIED**. The undersigned further **RECOMMENDS** that Petitioner's Application to Proceed *In Forma Pauperis* be **DENIED**.

---

[1] The undersigned refers to William B. Murray as "Petitioner" despite the fact that he has not filed a § 2254 petition in this Court.

## I.   **Procedural History**

On July 16, 2013, Petitioner William B. Murray ("Petitioner") was convicted by a jury of one count of first-degree murder without mercy and one count of concealment of a deceased body. (ECF No. 2-1 at 5). On February 18, 2014, the trial court sentenced Petitioner to life imprisonment for the first-degree murder conviction and a concurrent term of one to five years' imprisonment for the concealment of a deceased body conviction. (*Id.* at 6-7). The trial court's final order was entered in Petitioner's case that same day. (*Id.* at 7).

Petitioner filed his notice of appeal with the trial court on March 19, 2014. (*Id.*) After numerous changes in appellate counsel, Petitioner filed his appeal brief in the Supreme Court of Appeals of West Virginia ("WVSCA") on September 23, 2014. (*Id.*); Brief for Petitioner, *State v. Murray*, 235 W. Va. 312, 773 S.E.2d 656 (2015) (No. 14-0321). On May 22, 2015, the WVSCA denied Petitioner's appeal on the merits. *Murray*, 235 W. Va. at 666.

On June 26, 2015, Petitioner filed his "Motion for Stay of Abeyance [*sic*]" in this Court, requesting that the Court "hold his right to due process under [28 U.S.C.] § 2254 … in [a]beyance" until he has exhausted his state court remedies.[2] (ECF No. 2 at 1). According to Petitioner's motion, he has yet to seek habeas corpus relief in West Virginia state court, but he intends to do so. (*Id.*)

## II.   **Discussion**

Petitioner filed his "Motion for Stay of Abeyance [*sic*]" prior to filing a § 2254 petition in this Court. Petitioner concedes that he has not filed a § 2254 petition because

---

[2] Petitioner contemporaneously filed his Application to Proceed *In Forma Pauperis*. (ECF No. 1).

he does not know what issues he will raise in federal habeas proceedings, if any, until after his state habeas proceedings have concluded. (ECF No. 2 at 1). Consequently, there is no proceeding to stay in this Court and no federal habeas petition to hold in abeyance.[3] *See Blain v. Hartley*, No. SACV 08-1375-RGK, 2009 WL 86662, at *1 n.2 (C.D. Cal. Jan. 12, 2009) ("Without a cognizable petition, however, there is no proceeding to stay").

Furthermore, Petitioner has not offered any reason, let alone good cause,[4] for granting him a stay. To the extent that Petitioner may be concerned that a future § 2254 petition may be untimely, the need for such a worry is not apparent at this juncture. The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains a one-year statute of limitations within which a state prisoner may file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Section 2244(d)(2) clarifies that the running of the one-year period is suspended for

---

[3] Additionally, because no § 2254 petition has been filed, this Court cannot determine whether Petitioner has exhausted his state court remedies for any potential federal habeas claims.

[4] *See Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that stay and abeyance is only appropriate where, among other requirements, good cause exists).

any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* § 2244(d)(2). The Fourth Circuit has construed a state post-conviction proceeding to include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In other words, the one-year period begins at the conclusion of direct review, but is statutorily tolled if collateral proceedings are initiated in state court. Once collateral state court proceedings conclude, the limitation period begins to run again from the point at which it was tolled by initiation of the collateral proceedings.

Petitioner's direct appeal of his conviction was denied by the WVSCA on May 22, 2015. He then had ninety days in which to seek a writ of certiorari from the United States Supreme Court. Sup. Ct. R. 13(1). Petitioner did not seek such a writ, and thus, one day after the ninety days had passed,[5] on August 21, 2015, Petitioner's judgment became final, and the AEDPA's one-year statute of limitations began to run. As of the time that Petitioner filed his "Motion for Stay of Abeyance [*sic*]," he had not sought state habeas relief; however, he indicates in his motion that he plans to do so. Once Petitioner seeks state habeas relief, the AEDPA's statute of limitations will be tolled until the conclusion of state habeas proceedings. 28 U.S.C. § 2244(d)(2). As of the date of this PF & R, only twenty-one days have passed since the expiration of the time for seeking direct review from the United States Supreme Court. As such, Petitioner still has over eleven months remaining to file a § 2254 petition. Providing that Petitioner does not unnecessarily delay

---

[5] Under Federal Rule of Civil Procedure 6(a), the one-year limitation period commences the day after the event triggering the period. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

4

the filing of his state habeas petition, he will not face a time-bar hardship in any future §

2254 proceeding. Certainly, Petitioner cannot demonstrate at this point that he is entitled

to a stay based on timeliness concerns.

In sum, there is no federal habeas proceeding to stay. Furthermore, as of the date

of this PF & R, the AEDPA's statute of limitations has only run for twenty-one days, and

any state habeas proceeding instituted by Petitioner will toll the AEDPA's statute of

limitations. Bearing in mind that the practice of staying a § 2254 proceeding should be

done infrequently and only for good cause, the undersigned **FINDS** no basis upon which

to recommend a stay for a § 2254 proceeding that may or may not be initiated by

Petitioner in the future. *See Kanode v. Waid*, No. 1:08-1113, 2011 WL 2633645, at *1

(S.D.W.Va. July 5, 2011). Because the undersigned **RECOMMENDS** that the Court

**DENY** Petitioner's request for a stay, the undersigned further **RECOMMENDS** that the

Court **DENY** Petitioner's Application to Proceed *In Forma Pauperis* as **MOOT**.

### III.  Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that

the District Court confirm and accept the foregoing findings and **RECOMMENDS** that

that Petitioner's "Motion for Stay of Abeyance," (ECF No. 2), be **DENIED**, Petitioner's

Application to Proceed *In Forma Pauperis*, (ECF No. 1), be **DENIED**, and that this action

be **DISMISSED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is

hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston,

United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

parties shall have fourteen days (filing of objections) and three days (mailing) from the

date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:**  September 11, 2015

Cheryl A. Eifert
United States Magistrate Judge